## The Dauphin National Bank v. Barbe

*Walter W. Wilt,* for plaintiff.
*Kenneth A. Wise,* for defendant.

MORGAN, *J.,* October 8, 1981—This is an action of mortgage foreclosure in which a judgment was entered in favor of the mortgagee for the amount due and for foreclosure and sale of the mortgaged property. The matter is before us on the exceptions of the mortgagor.

There is no dispute that on October 3, 1977, defendant mortgaged her residence at 108 Prince Avenue in Lower Paxton Township, Dauphin County, to secure a loan from plaintiff of $24,800 and that she has paid none of the monthly payments due since March 3, 1980. Her only argument against the judgment for the mortgage principal and interest is that the notice of intention to commence foreclosure proceedings mailed by plaintiff was not in the form required by the Act of January 30, 1974, P.L. 13, as amended, 41 P.S. §101 et seq., in that it did not set forth the precise dollar and cents amount due. However, it is not necessary for us to

address the question thus raised. Defendant admits that a notice of intention to commence foreclosure proceedings setting forth defendant's rights in the language of the act was posted to her by plaintiff by certified mail within the time and to the address required by the act. She also admits that she received and simply ignored three reminders from the postal authorities to claim the letter which was returned to the sender. Had the notice complied in every particular with the requirements of the law, she would have remained, by her own wilful act, ignorant of its contents. This was not a waiver of the provisions of the act induced by plaintiff which is prohibited under section 408. This was the unilateral conduct of a debtor obstructing the collection of an overdue obligation. She will not be permitted to defeat the claim in this crass manner.*

Defendant also complains that the amount allowed in the judgment for counsel fees is excessive. This issue was not raised at trial and we do not find that $75 per hour is excessive in this community for the services of experienced counsel and the client-plaintiff deemed it an acceptable rate. Nor can we say 28 hours is an unreasonable expenditure of time to prepare and file the complaint, brief and present oral argument against preliminary objections; to prepare and file an answer to new matter, and to brief and conduct the trial.

The other matters raised by defendant are rejected without discussion.

## ORDER

And now, October 8, 1981, defendant's exceptions are hereby dismissed.

---

*We also question the availability of free legal services to this defendant who, according to her own testimony, has a substantial equity in the property at issue.